[Cite as *Lechleiter v. Ohio Dept. of Transp.*, 2009-Ohio-7172.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MAUREEN A. LECHLEITER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-06923-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} On July 27, 2009, a 2008 Honda Civic reportedly owned by Maureen A. Lechleiter, was damaged while stopped in traffic on Interstate 71 South in Hamilton County "between Pfeieffer Rd. and Ronald Reagan Hwy." Plaintiff related the front bumper of her car was damaged "when a Cincinnati Metro bus passed by on the inside shoulder and threw back a hubcap that must have been lying on the shoulder" into the path of the stopped 2008 Honda Civic. Plaintiff further related the flying debris struck the left front bumper of the vehicle causing a large dent. Plaintiff submitted several photographs depicting the damage to the automobile. Plaintiff asserted the damage to her automobile was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of debris conditions, such as the hubcap on the roadway shoulder area of Interstate 71. Plaintiff stated "[o]n any given day, there is always plenty of debris on this section of freeway (and) [t]his creates very dangerous conditions especially with the buses using the shoulder." Plaintiff filed this complaint seeking to recover damages in the amount of $701.70, the total cost of automotive repair she incurred resulting from the described

incident.  The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

**{¶ 2}**  Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the debris on Interstate 71 prior to plaintiff's property damage occurrence.  Defendant denied receiving any prior calls or complaints about the particular debris condition, which ODOT located between mileposts 15.80 and 14.13 on Interstate 71 in Hamilton County.  Defendant suggested "that the debris existed in that location for only a relatively short amount of time before plaintiff's incident."  Defendant asserted plaintiff failed to produce any evidence to establish her property damage was attributable to any conduct on the part of ODOT personnel.

**{¶ 3}**  Defendant pointed out plaintiff acknowledged her property damage occurred when a Cincinnati Metro bus ran over a hubcap on the shoulder of Interstate 71 and propelled the hubcap into the bumper of her car.  Defendant contended ODOT is generally not responsible for mishaps on the roadway caused by the conduct of a third party; in this case the driver of a Cincinnati Metro bus.  Furthermore, defendant asserted plaintiff failed to prove her damage was proximately caused by any negligence on the part of ODOT in regard to roadway maintenance.  Defendant explained ODOT conducts roadway inspections on a routine basis and performs multiple maintenance operations on Interstate 71 including litter pick up and curb, gutter, and roadway median cleaning procedures.  Defendant stated that "if ODOT personnel had found any debris it would have been picked up."

**{¶ 4}**  Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 5}**  In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the debris alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.  Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct.  *Bussard v.*

*Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.  There is no evidence ODOT had actual notice of the debris condition.  Therefore, plaintiff, in order to prevail on a notice rationale, must present evidence of constructive notice of the condition.  The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the debris appeared on the roadway.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.  However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition.  See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861.  No evidence has been presented to prove that defendant had constructive notice of the debris or that ODOT personnel actively caused the condition.

{¶ 6}  For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injures.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7}  Evidence in the instant action tends to show plaintiff's damage was caused by an act of an unidentified third party, not ODOT.  Defendant has denied liability based on the particular premise that it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled.  *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769.  However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury.  This court, as trier of fact, determines questions of proximate causation.  *Shinaver v. Szymanski* (1984), 14 Ohio

St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 8}  "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone."  *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 9}  Plaintiff has failed to establish that her damage was proximately caused by any negligent act or omission on the part of ODOT.  In fact, it is apparent that the cause of plaintiff's injury was the act of a third party which did not involve ODOT.  Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence.  Plaintiff failed to show the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant proximately caused the damage.  *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MAUREEN A. LECHLEITER

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-06923-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Maureen A. Lechleiter
4573 Hyacinth Drive
Mason, Ohio  45040

RDK/laa
10/27
Filed 11/20/09
Sent to S.C. reporter 3/12/10

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223